No. 16-10363-AA

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

EARTHCAM, INC., a Delaware corporation,

Plaintiff/Counter
Defendant/Appellant,

v.

OXBLUE CORPORATION, a Georgia corporation,
CHANDLER MCCORMACK, Individually
JOHN PAULSON, Individually,
BRYAN MATTERN, Individually,

Defendants/Counter
Claimant/Appellees,

RICHARD P. HERMANN, II,

Defendant/Appellee

_____

On Appeal from the United States District Court
For the Northern District of Georgia
Civil Action No. 1:11-cv-02278-WSD (Duffey, J.)

_____

## BRIEF OF APPELLANT EARTHCAM, INC.

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404)645-7707

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations are known to have an interest in the outcome of this case or appeal:

- Ames, Matthew B. – trial court counsel for Appellees OxBlue Corporation, Bryan Mattern, Chandler McCormack, and John Paulson

- Anulewicz, Christopher Scott – trial court counsel for Appellees OxBlue Corporation, Bryan Mattern, Chandler McCormack, and John Paulson

- Blythe, Russell E. – Attorney for Appellant

- Bowers, Michael J. – trial court counsel for Appellees OxBlue Corporation, Bryan Mattern, Chandler McCormack, and John Paulson

- Carson, Carlissa – prior counsel for Appellant

- Cohen, Jeffrey R. – prior counsel for Appellant

- Dietzen, J. Louise – prior counsel for Appellant

- EarthCam, Inc. (no publicly held corporation owns 10% or more of its stock) – Appellant

- Green, Shuli L. – trial court counsel for Appellees OxBlue Corporation, Bryan Mattern, Chandler McCormack, and John Paulson

- Gregory, Geremy Walden – trial court counsel for Appellees OxBlue Corporation, Bryan Mattern, Chandler McCormack, and John Paulson

- Harbin, John W. – Attorney for Appellant

- Hermann, Richard – Appellee

- Kerkhoff , III, Louis A. – prior counsel for Appellant

- Kitron, Tal – prior counsel for Appellant

- Manship, Flora – prior counsel for Appellant

- Mattern, Bryan – Appellee

- McCormack, Chandler – Appellee

- McKinley, Candice Devonne – prior counsel for Appellant

- Morgan, Elizabeth Ann – prior counsel for Appellant

- OxBlue Corporation (on information and belief, no publicly held corporation owns 10% or more of its stock) – Appellee

- Paulson, John – Appellee

- Ware, Keri Patterson– trial court counsel for Appellee Richard Hermann

- Ware, Mary Kimmey – prior counsel for Appellant

- William S. Duffey, Jr., Judge, United States District Court – Trial Court Judge

- Wilson, Robert Earl – trial court counsel for Appellee Richard Hermann

## STATEMENT REGARDING ORAL ARGUMENT

Appellant EarthCam Inc. ("EarthCam") respectfully requests that this case be scheduled for oral argument, as the case involves complex legal issues.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ..................................................................C-1

STATEMENT REGARDING ORAL ARGUMENT ............................................. i

TABLE OF CONTENTS...................................................................................II

TABLE OF CITATIONS ..................................................................................III

STATEMENT OF JURISDICTION.........................................................................V

STATEMENT OF THE ISSUES.......................................................................1

   I.   STATEMENT OF THE CASE..................................................................1

   II.  STANDARD OF REVIEW ....................................................................4

   III.  SUMMARY OF THE ARGUMENT ...........................................................5

   IV.  ARGUMENT AND CITATIONS OF AUTHORITY .................................6

     A.  The Evolution of the Erie Doctrine ............................................6

     B.  O.C.G.A. § 9-11-68 Should Not Be Applied Because It Directly
     Conflicts with Rule 68 under the Erie doctrine ...................................7

     C.  O.C.G.A. § 9-11-68 Does Not Grant A Substantive Right........................13

     D.  The Court Erred In Determining Which Attorneys' Fees Were
     Attributable To The Pendent State Claims......................................17

   V.  CONCLUSION ............................................................................19

CERTIFICATE OF COMPLIANCE....................................................................20

CERTIFICATE OF SERVICE ..........................................................................21

# TABLE OF CITATIONS

CASES ........................................................................... Page(s)

*Alyeska Pipeline Service Co. v. Wilderness Soc.*
421 U.S. 240 (1975)............................................................14

*Burlington Northern Railroad Co. v. Woods*
480 U.S. 1 (1987).............................................................10

*Chambers v. NASCO, Inc.*
501 U.S. 32 (1991)........................................................13, 15

*Erie R.R. Co. v. Thompkins*
304 U.S. 64 (1938).............................................................6

*Esfeld v. Costa Crociere, S.P.A.*
289 F.3d 1300 (11th Cir. 2002) ....................................4, 6, 16

*Gasperini v. Ctr. for Humanities, Inc.*
518 U.S. 415 (1996)...........................................................13

*Gil-De-Rebollo v. Miami Health Ass'ns.*
137 F.3d 56 (1st Cir. 1998)..............................................10, 12

*Goldberg v. Pacific Indemnity Co.*
627 F.3d 752 (9th Cir. 2010) ....................................10, 11, 13

*Gowen Oil Co. v. Abraham*
511 Fed. Appx. 930 (11th Cir. 2013)..................................8

*Gowen Oil Co. v. Abraham*
No. 2:10-cv-00157-LGW-JEG, 2012 WL 1098568
(S.D. Georgia March 30, 2012) ..............................................8

*Lundgren v. McDaniel*
814 F.2d 600 (11th Cir. 1987) ............................................7

*Menchise v. Senterfitt*
532 F.3d 1146 (11th Cir. 2008) ........................................8, 9

*Palm Beach Golf Center-Boca Inc. v. Sarris*
781 F.3d 1245 (11th Cir. 2015) ..........................................................7, 16

*People of Sioux County v. Nat'l Surety Co.*
276 U.S. 238 (1928).........................................................................14, 15

*Shaps v. Provident Life & Accident Ins. Co.*
244 F.3d 876 (11th Cir. 2001)...............................................................4

*Stewart Org., Inc. v. Ricoh Corp.*
487 U.S. 22 (1988).............................................................................9, 12

*Tanker Management, Inc. v. Brunson*
918 F.2d 1524 (11th Cir. 1990) ......................................................7, 9, 16

*Walker v. Armco Steel Corp.*
446 U.S. 740 (1980)...............................................................................10

*Wheatley v. Moe's Sw. Grill, LLC*
580 F. Supp. 2d 1324 (N.D. Ga. 2008).........................................9, 13, 14

## OTHER AUTHORITIES

FRCP 54(d), L.R. 54.2 ..............................................................................3

Fed. R. Civ. Proc. 68...................................................................... passim

O.C.G.A. § 9-11-68.......................................................................... passim

O.C.G.A. § 9-11-68(a) ............................................................................10

O.C.G.A. § 9-11-68(b)(1) .......................................................................10

## <u>STATEMENT OF JURISDICTION</u>

Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over this direct appeal from a final order by the District Court of the Northern District of Georgia granting a motion for attorneys' fees after granting summary judgment and entering final judgment.

## STATEMENT OF THE ISSUES

1.      Whether the district court erred in awarding attorneys' fees under Georgia's offer of settlement statute, O.C.G.A. § 9-11-68, in a case involving federal question claims (such as Computer Fraud and Abuse Act, Copyright Act, and Lanham Act claims) and pendent state law claims?

2.      Whether, assuming an award of fees under O.C.G.A.§9-11-68 is appropriate in this case, the district court erred in awarding fees reflecting work done on the federal question claims on the basis that the work also applied to the pendent state law claims?

## I.      STATEMENT OF THE CASE

Appellant, EarthCam, Inc. ("EarthCam") offers a variety of camera systems including multi-megapixel robotic panoramic camera systems and high-definition streaming video systems. EarthCam is an established Internet camera technology company and its employees include developers, programmers, engineers, and designers. Dkt#117 ¶ 9.

On July 12, 2011, EarthCam filed suit against a competitor, OxBlue Corporation ("OxBlue") and its principals, Chandler McCormack, John Paulson and Bryan Mattern,[1] for engaging in repeated intrusions into EarthCam's website,

_____

[1] OxBlue and its principals will be referred to collectively as "the OxBlue Defendants."

1

as well as obtaining information EarthCam deemed proprietary from EarthCam's former employee, Defendant-Appellee Richard Herman. Dkt#1 ¶¶ 11–37. EarthCam asserted federal question claims (specifically violations of the Computer Fraud and Abuse Act ("CFAA"), the Copyright Act, and the Lanham Act) and pendent state law claims (specifically claims under the Georgia Trade Secrets Act ("GTSA"), the Georgia Computer Systems Protection Act, and the Georgia Uniform Deceptive Trade Practices Act). Dkt#1 at 14-25. Based on information obtained in discovery, EarthCam filed an Amended Complaint on August 25, 2011, and on November 6, 2012, EarthCam filed a Second Amended Complaint against the OxBlue Defendants and also its ex-employee, Defendant Richard Hermann. Dkt##15, 117.[2]

OxBlue also asserted federal question and pendent state law claims against EarthCam. Specifically, on April 5, 2012, OxBlue asserted counterclaims against EarthCam alleging federal question claims (claims under the Copyright Act and the

_____

[2] EarthCam's claims are discussed in more detail in EarthCam's brief in support of its appeal of the underlying summary judgment ruling by the district court, filed before this Court in Appeal No. 15-11893-AA on January 13, 2016 (redacted form) and January 15, 2016 (unredacted form). As set forth in pages 3-8 of EarthCam's appeal brief, EarthCam's claims included that the OxBlue Defendants (a) engaged in what is called a brute force attack on EarthCam's website in 2006, hitting EarthCam's website 428,494 times over a 48 hour period; (b) obtained proprietary EarthCam information from ex-employee Richard Hermann from 2008 to 2010, including almost 4 gigabytes of data in one download; and (c) intruded repeatedly into EarthCam's website in May of 2011, using a customer's log-in information, and downloaded images and information.

Lanham Act) and pendent state law claims (unfair competition and violation of Georgia's Uniform Deceptive Trade Practices Act). Dkt#46 at 27-32. OxBlue re-asserted the counterclaims in August 2013 in response to EarthCam's Second Amended Complaint. Dkt##212 at 14 and 213 at 14.

On September 22, 2014, the district court granted the OxBlue's Defendants' motions for summary judgment as to all of EarthCam's claims, the initial motion for summary judgment by Defendant Richard Hermann, and EarthCam's motion for summary judgment as to OxBlue's counterclaims. Dkt#292. On March 31, 2015, a Consent Order was entered granting Defendant Hermann's Supplemental Motion for Summary Judgment, subject to EarthCam's right to appeal. Dkt#308. Judgment was entered on March 31, 2015. Dkt#309. EarthCam appealed the grant of summary judgment to Defendants. Dkt#313.[3] That appeal is pending before this Court as Appeal No. 15-11893-AA.[4]

On April 14, 2015, the OxBlue Defendants filed a Motion for Attorneys' Fees and Expenses Pursuant to FRCP 54(d), L.R. 54.2 and O.C.G.A. § 9-11-68. Dkt#311. On May 1, 2015, EarthCam filed its Response in Opposition to the

---

[3] OxBlue did not appeal the grant of summary judgment to EarthCam on OxBlue's counterclaims.

[4] If EarthCam's appeal of the summary judgment ruling is granted in whole or in part, the district court's order granting attorneys' fees, the subject of this appeal, should be reopened automatically.

Motion. Dkt#316. The OxBlue Defendants filed a Reply in Support of the Motion on May 18, 2015. Dkt#321.

On December 29, 2015, the district court entered an Order granting in part and denying in part Defendants' Motion for Attorneys' Fees. Dkt#324. The district court held that O.C.G.A. § 9-11-68 is applicable to the case on the basis that, under the *Erie* doctrine, O.C.G.A. § 9-11-68 is substantive and does not conflict with Rule 68. *Id*. at 7. The district court arrived at an award of fees and expenses in the amount of $292,611.17 by evaluating "what legal services and expenses would have been incurred if EarthCam had not asserted its federal claims, and relied only on its state law causes of action." *Id*. at 11. That order is the subject of this appeal. EarthCam timely filed a Notice of Appeal on January 27, 2016. Dkt#326.

## II. STANDARD OF REVIEW

The district court's application of the *Erie* doctrine and resulting decision to grant attorneys' fees based on a state statute in a case involving federal question and pendent state law claims is a legal conclusion reviewed *de novo*. *See Esfeld v. Costa Crociere, S.P.A.,* 289 F.3d 1300, 1306 (11th Cir. 2002) (holding that "[t]he question of which jurisdiction's law to apply is a legal one we review de novo", citing *Shaps v. Provident Life & Accident Ins. Co.*, 244 F.3d 876, 881 (11th Cir. 2001)).

Under the same principles, EarthCam believes that the district court's decision that fees incurred on federal question claims should be recoverable under O.C.G.A. §9-11-68 if the work would also have been done on state law claims is also reviewed de novo.

### III.  SUMMARY OF THE ARGUMENT

This appeal concerns a question of first impression for this Court – whether Georgia's offer of settlement statute, O.C.G.A. § 9-11-68, should be applied to allow recovery of attorneys' fees and costs by a defendant in a case involving federal question claims (claims under the Copyright Act, the Lanham Act and the Computer Fraud and Abuse Act) along with pendent state law claims.  The district court's decision that the Georgia statute should be applied is in error because the state statute is in direct conflict with Federal Rule 68, and this Court should be particularly sensitive to the preemption afforded the Federal Rules in cases involving federal questions.

The district court's decision to award attorneys' fees under O.C.G.A. § 9-11-68 should be reversed on the basis that there is a conflict between that statute and Federal Rule 68 and Rule 68 should govern.  If this Court decides that an award under the Georgia statute is appropriate, this Court should still rule that time incurred on federal question issues is not compensable under Georgia's statute,

even where there is overlap with the state law claims, and remand the case to the district court for a review of the fee award consistent with this Court's opinion.[5]

## IV. ARGUMENT AND CITATIONS OF AUTHORITY

### A. The Evolution of the Erie Doctrine

The question of whether to apply state versus federal law in a case in federal court invokes the "*Erie* doctrine," the doctrine established in *Erie R.R. Co. v. Thompkins*. 304 U.S. 64 (1938). But the *Erie* doctrine has evolved over time and the parameters of the doctrine are not clear. It has been held that the *Erie* doctrine posits what appears to be a bright-line test: federal courts apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, (1996). Noting the difficulties encountered in distinguishing between matters of substance and procedure, however, this Court "has adopted a multi-part analysis for determining whether state or federal law should apply to a particular issue raised in a diversity case." *Esfeld* 289 F.3d at 1306. In a case considering the application of the forum non conveniens rule, this Court held that:

---

[5] EarthCam also argued to the district court that OxBlue's motion for fees was premature, and that, under the plain language of the statute, the decision should wait until the judgment is final. Dkt#316 at 2-3. The district court disagreed, but did rule that enforcement of any award should be stayed until the judgment is final. Dkt#324 at 14. EarthCam believes the district court erred in this ruling, given the plain language of the statute. Given the posture of the case, however, EarthCam is not appealing the 'timing' portion of the district court's ruling.

The first step of the analysis is to determine whether state and federal law conflict with respect to the disputed issue before the district court. If no conflict exists, then the analysis need proceed no further, for the court can apply state and federal law harmoniously to the issue at hand. However, if the applicable state and federal law conflict, the district court must ask whether a congressional statute or Federal Rule of Civil procedure covers the issue. If a federal statute or rule of procedure is on point, the district court is to apply federal rather than state law.

*Id*. at 1306-07 (citations omitted).

More recently, however, in *Palm Beach Golf Center-Boca Inc. v. Sarris*, 781 F.3d 1245 (11th Cir. 2015) this Court, holding that the *Erie* doctrine applies to pendent state claims, opined that "when federal courts are sitting in diversity or pendent jurisdiction 'only substantive state law must be applied,' while 'federal law governs matters of procedure.'" *Id.* at 1259 (citing *Lundgren v. McDaniel*, 814 F.2d 600, 605 (11th Cir. 1987)).

## B. O.C.G.A. § 9-11-68 Should Not Be Applied Because It Directly Conflicts with Rule 68 under the Erie doctrine

This Court has not ruled on the applicability of O.C.G.A. 9-11-68 to cases in federal court or on the application of any offer of judgment or settlement offer statute to federal cases involving federal question claims and pendent state law claims. In *Tanker Management, Inc. v. Brunson*, 918 F.2d 1524 (11th Cir. 1990),

this Court considered the application of a Florida offer of settlement statute in a diversity case. Subsequently, this Court held that the newer version of that Florida statute could be relied upon by the defendant in litigating a state law claim (a legal malpractice case) that sprung out of a bankruptcy proceeding. *Menchise v. Senterfitt,* 532 F.3d 1146 (11th Cir. 2008).

In *Gowen Oil Co. v. Abraham*, 511 Fed. Appx. 930 (11th Cir. 2013) ("*Gowen II*") this court considered a case involving an award of fees under O.C.G.A. § 9-11-68, but did not reach the merits. The trial court stated that the plaintiff did not contest whether the Georgia statute should apply. *See Gowen Oil Co. v. Abraham*, No. 2:10-cv-00157-LGW-JEG, 2012 WL 1098568 (S.D. Georgia March 30, 2012) at *2 ("Gowen appears to concede that O.C.G.A. § 9-11-68 applies in this diversity suit."). On appeal, this Court read the record below differently, noting that "Gowen argued to the district court that § 9-11-68 should not be applied in this diversity case because it is procedural." But this Court then found that the appellant had waived the argument by failing to assert it on appeal. *See Gowen II*, 511 Fed. Appx. at 944 n.4. The court expressly noted, "[w]e apply § 9-11-68 here but do not decide whether it should be applied in all diversity cases applying Georgia law." *Id.* Accordingly, none of these cases address the merits of the issue at hand, the application of O.C.G.A. § 9-11-68 in a case involving federal question claims and pendent state law claims.

8

In *Tanker Management*, this Court relied on the differences between the Florida statute and Rule 68 of the Federal Rules of Civil Procedure, noting that "Rule 68 concerns only interest and offers of judgment, while the Florida statute concerns attorneys' fees, offers of judgment, and settlement offers." Thus, the Court determined, there was no "direct collision" between the two and that the Florida statute should be applied. *Tanker Management*, 918 F. 2d at 1528. Here, the district court noted that Rule 68 is only available to a defendant and authorizes offers of judgment whereas O.C.G.A. § 9-11-68 is available to both plaintiffs and defendants and deals with offers of settlement. Dkt#324 at 5-6. Relying on this Court's direct collision test in *Tanker Management, Inc. v. Brunson*,[6] the district court found that Rule 68 and O.C.G.A. § 9-11-68 do not conflict. Dkt#324 at 5-7.

A line of *Erie* cases indicates, however, that this Court's "direct collision" test is too narrow, at least in cases like this involving federal questions. In determining if there is a direct conflict between O.C.G.A. § 9-11-68 and Rule 68, the "first and chief question" should be whether the federal law is "sufficiently broad to control the issue before the Court." *See Stewart Org., Inc. v. Ricoh Corp.*,

---

[6] The district court also noted that this Court had reaffirmed its direct collision approach in *Menchise v. Senterfitt*, 532 F.3d 1146 (11th Cir. 2008), and cited another district court case, *Wheatley v. Moe's Sw. Grill, LLC*, 580 F. Supp. 2d 1324 (N.D. Ga. 2008), that relied on *Tanker Management*. The *Wheatley* case is discussed below.

487 U.S. 22, 26 (1988) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980)); *Gil-De-Rebollo v. Miami Health Ass'ns*, 137 F.3d 56, 65 n.5 (1st Cir. 1998); *Goldberg v. Pacific Indemnity Co.*, 627 F.3d 752, 755 (9th Cir. 2010). When "the purposes underlying the [state and federal rules] are sufficiently coextensive" so as occupy the same "field of operation," the state and federal rules "unmistakably conflict[ ]." *Burlington Northern Railroad Co. v. Woods*, 480 U.S. 1, 7 & n.5 (1987).

O.C.G.A. § 9-11-68 and Fed. R. Civ. Proc. 68 ("Rule 68") share purposes that are sufficiently co-extensive and occupy the same field of operation. Thus, they should be found to be in direct conflict under *Erie*. O.C.G.A. § 9-11-68(b)(1) provides:

> If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

The statute is triggered by the service of "a written offer, denominated as an offer under this Code Section, to settle a tort claim for the money specified in the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly." O.C.G.A. § 9-11-68(a).

Federal Rule 68 provides: "[I]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  While they have differences that reflect differing policy judgments, the purpose of both Rule 68 and O.C.G.A. § 9-11-68 is the same — to encourage settlement of civil litigation, and both relate to the issue of what expenditures are recoverable after a rejected proposal for judgment or settlement, including what form the proposal must take.  Accordingly, under *Burlington*, the federal rule and state law are in direct conflict.

Other circuits comparing Rule 68 and a similar state statute or rule under *Erie* have found a "direct collision" despite differences between the federal rule and the state statute.  The Ninth Circuit held that Arizona Rule 68, which is triggered by an offer of judgment or an offer of settlement, was in direct collision with Rule 68. *Goldberg*, 627 F.3d at 758.  The Ninth Circuit noted that there are differences between Arizona's Rule 68 and the federal rule.  First, unlike the Arizona rule, the federal rule only applies to offers made by defendants, the plaintiff may not take advantage of it.  Also, the court noted, Federal Rule 68 does not allow a defendant to recover costs when judgment is entered in the defendant's favor.  Id. at 754, 755.  But, the court noted, both rules "are meant to encourage settlement of litigation." *Id*. at 757.

> Because Federal Rule 68 and Arizona Rule 68 have the same purpose, at
> least when invoked by defendants, the federal rule occupies the field of
> operation and they are therefore in direct conflict with each other. The fact
> that the scope of Federal Rule 68 differs somewhat from that of Arizona
> Rule 68 does not make the conflict between the two rules any less
> significant.

*Id.* Similarly, in *Gil-De-Rebollo*, based on the Supreme Court's guidance in *Stewart* and *Burlington*, the First Circuit held that Rule 68 was sufficiently broad to preempt application of Puerto Rico Rule of Civil Procedure 35.1, which also addresses offers of judgment. 137 F.3d at 67-68. This was despite the fact that the two rules were "not 'perfectly co-extensive.'" *Id.* at 66.

The logic of *Goldberg* and *Gil-De-Rebollo* has force. Just as with the Arizona rule and Rule 68 in *Goldberg*, O.C.G.A. § 9-11-68 and Rule 68 have some differences but share a co-extensive purpose to incentivize settlement. The "direct" collision test is "not meant to mandate that federal law and state law be perfectly coextensive and equally applicable to the issue at hand." *Stewart*, 487 U.S. at 26 n.4. The appropriate standard to apply is whether the Federal Rule is "sufficiently broad to cover the point in dispute." *Id.*; accord *Gil-De-Rebollo*, 137 F.3d at 65. Federal Rule 68 meets this standard and it directly conflicts with O.C.G.A. § 9-11-68.

This is particularly true in cases such as this one in which federal questions are at issue. Policy decisions have been made about when costs and fees are recoverable when federal questions are litigated, and those federal policies should be given ample breathing room, even when pendent state law claims are also at issue. To the extent this Court was following a narrower test of "direct collision" in considering in *Tanker Management* whether to apply the Florida statute in a diversity case, that narrower test should not be followed here.

### C. O.C.G.A. § 9-11-68 Does Not Grant A Substantive Right

As noted above, some formulations of the *Erie* doctrine are that federal courts should apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427, (1996). In *Goldberg*, the court indicated that the test was whether a federal procedural rule conflicted with state substantive rules. *Goldberg*, 627 F.3d at 755. There is merit to this focus because federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). Rule 68 provides a federal court with the means to manage its own proceedings, and is a federal procedural law.

In *Wheatley v. Moe's Sw. Grill, LLC*, 580 F. Supp. 2d 1324 (N.D. Ga. 2008), the court held that the defendant in a diversity case could recover fees under O.C.G.A. § 9-11-68 after an offer was rejected. In doing so, the court cited this

Court's direct collision test *Tanker Management*. *Id*. at 1328. The court also found that "O.C.G.A. § 9-11-68 creates a substantive right to attorney's fees." *Id*. at 1329. The district court here adopted that finding. Dkt#324 at 6.

But the court in *Wheatley* and the district court here erred in concluding that O.C.G.A. § 9-11-68 is a substantive state law. The *Wheatley* court relied on *People of Sioux County v. Nat'l Surety Co.*, 276 U.S. 238, 243 (1928), a case decided prior to the *Erie* decision, and interpreted *Alyeska Pipeline Service Co. v. Wilderness Soc.*, 421 U.S. 240 (1975), as meaning that the Supreme Court "found no reason a different result should be reached post-*Erie.*" *Wheatley*, 580 F. Supp. 2d at 1329 (citing *Alyeska*, 421 U.S. at 259 n. 31).

But the footnote in *Alyeska*, though often cited, is dictum. The case concerned whether the federal court could award attorneys' fees to an environmental group that successfully sued to bar construction of the trans-Alaska pipeline, or whether only Congress could authorize such an exception to the "American Rule" that attorney fees are ordinarily not recoverable. *Id*. at 240. Footnote 31 concerned the "very different situation … presented when a federal court sits in a diversity case." *Id.* at 259 n.31.

Moreover, the Supreme Court has more recently elucidated the line between state substantive laws on attorneys' fees and federal procedural prerogatives. In *Chambers*, the Court considered (and upheld) a federal court's inherent powers to

award fees as sanctions outside of Rule 11.  *Chambers,* 501 U.S. at 54.  The party

being sanctioned (Chambers) argued that, even if federal courts have inherent

powers in some cases to assess attorneys' fees as a sanction, they are not free to do

so when they sit in diversity, unless the applicable state law recognizes the 'bad-

faith' exception to the general rule against fee-shifting.  Chambers relied on

footnote 31 from the *Alyeska* case.  *Id*. at 51, 52.  In response, the Court

distinguished the situation before it from the *Erie* concerns reflected in the *Alyeska*

footnote, holding that:

> The limitation on a court's inherent power described there [in fn 31 of
>
> *Alyeska*] applies only to fee-shifting … which permits a prevailing party in
>
> certain classes of litigation to recover fees.  That was precisely the issue in
>
> *Sioux County v. Nat'l Surety Co.*, 276 U.S. 238 … There, a state statute
>
> mandated that in actions to enforce an insurance policy, the court was to
>
> award the plaintiff a reasonable attorney's fee. … In enforcing the statute,
>
> the Court treated the provision as *part of a statutory liability which created a*
>
> *substantive right*.

*Id*. at 52. (Emphasis added.)  Fee-shifting as a form of sanctions, on the other hand,

"depends not on which party wins the lawsuit, but on how the parties conduct

themselves during the litigation."  *Id*. at 53.

In this case, settlement offers that potentially trigger an entitlement to attorneys' fees under Georgia's statute fall in between the two. Whether the right is triggered admittedly is tied to the outcome of the litigation, but the potential fee awards are not substantive because they are not always available to a prevailing party in a particular class of cases, as the Court in *Chambers* discussed in regard to the *Alyeska* footnote. Instead, fees can be awarded only if the procedural requirements are met, reflecting the procedural goals of streamlining litigation by encouraging settlement.

Accordingly, although O.C.G.A. § 9-11-68 may have some substantive aspects, it is ultimately a procedural rule, found in the Georgia Code of Civil Procedure. Indeed, in *Tanker Management*, this Court noted that the Florida statute at issue "may have its 'substantive aspect,' but it also is procedural." 918 F.2d at 1529 n.3. Properly analyzed, O.C.G.A. § 9-11-68 is a procedural rather than a substantive law.

Under the state substantive law/federal procedural law standard discussed in *Palm Beach Golf Center*, 781 F.3d at 1259, this would appear to make it an open and shut case – the Georgia statute should not be applied. Under the Court's "multi-part test" described in *Esfeld*, 289 F.3d at 1306, the argument that there is a conflict is strengthened because this situation pits, in a case involving federal question jurisdiction, a state procedural statute against a federal rule of procedure.

16

For all of these reasons, the district court's award of attorney's fees and costs under O.C.G.A. § 9-11-68 should be reversed.

### D. The Court Erred In Determining Which Attorneys' Fees Were Attributable To The Pendent State Claims

If despite these arguments this Court finds that O.C.G.A. § 9-11-68 is applicable and not preempted by Rule 68, EarthCam submits that the district court erred in part in deciding how attorneys' fees should be allocated between the federal claims (which no one contends are recoverable under the state statute) and state law claims.  Specifically, the court found that "a substantial portion of the attorney's fees and legal services claimed by OxBlue were incurred to litigate state law-based claims" and that "the level of legal services and fees to litigate the federal claims only moderately added to the litigation activity."  Dkt#324 at 11. The district court reasoned that the best "approach is to evaluate what legal services and expenses would have been incurred if EarthCam had not asserted its federal claims and relied solely on its state law causes of action." *Id*.  Accordingly, the only fees the district court excluded were those clearly attributable *solely* to the federal question claims, which the district court found to be in the amount of $23,000.  *Id*. at 11, 12.

EarthCam does not agree that the time spent by OxBlue on the federal question claims was insubstantial, as significant time was spentin discovery and on summary judgment and other briefing on the federal claims, particularly the

copyright and Computer Fraud and Abuse Act claims. As one example, OxBlue devoted one motion and brief to seeking to exclude third party testimony that was addressed to the fact that OxBlue did not have rights in the industry specifications to which OxBlue was claiming copyright. *See* Dkt##253, 253-1.[7]

At any rate, EarthCam is not asking this Court to double-check the specific calculations by the district court. But EarthCam submits that the district court's underlying assumption was in error. Specifically, if fees were incurred on the federal question claims they should be excluded, even if the work also applied to the state law claims. EarthCam agrees with the district court that there was a substantial amount of overlap between the state and federal issues and a co-mingling of the attorneys' fees associated with each. However, when applying O.C.G.A. § 9-11-68 to the pendent state law issues in this case, the district court should not have discarded and discounted the federal law issues at the outset. *See* Dkt#324 at 11. The district court instead should have found the federal law issues to be substantial and determined, to the extent possible, the amount of attorneys' fees associated with those issues, even where there was overlap with the state law claims. Otherwise, the litigation of federal question claims is going to be clouded whenever there are pendent state law claims by the prospect that the plaintiff may

---

[7] OxBlue's attempt was unsuccessful. As noted, EarthCam obtained summary judgment on OxBlue's copyright infringement claims (Dkt#292), and OxBlue did not appeal that ruling.

have to pay attorneys' fees for litigating the federal claims where there is any overlap, the carefully-considered limitations of Federal Rule 68 notwithstanding.

## V.    CONCLUSION

For these reasons, the district court's decision to award attorneys' fees under O.C.G.A. § 9-11-68 should be reversed.  There is a direct conflict between the Georgia statute and Federal Rule 68, and Rule 68 should govern.  And the Georgia statute is procedural rather than substantive.  If this Court denies EarthCam's appeal and decides that an award under the Georgia statute is appropriate, this Court should still rule that time incurred on federal question issues is not compensable under a state offer of judgment statute, even where there is overlap with the state law claims, and remand the case to the district court for a review of the fee award consistent with this Court's opinion.

Dated:  April 6, 2016          /s/ John W. Harbin
                               John W. Harbin
                               MEUNIER CARLIN & CURFMAN LLC
                               999 Peachtree Street, N.E., Suite 1300
                               Atlanta, Georgia 30309
                               Tel: (404) 645-7700
                               Fax: (404) 645-7707
                               Email: jharbin@mcciplaw.com

                               ***Attorney for Appellant***

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains **4,245** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), as counted by Microsoft Word 2013, the word processing software used to prepare this brief.

This brief complies with the typface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proporationally spaced typeface using Microsoft Word 2013 in Times New Roman 14-point font.


Date: April 6, 2016                    /s/ John W. Harbin
                                        John W. Harbin
                                        ***Attorney for Appellants***

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that, on this 6th day of April 2016, I have

electronically filed the foregoing Appellant's Brief with the Clerk of Court for the

United States Court of Appeals for the Eleventh Circuit using the CM/ECF system,

which will automatically send e-mail notification of such filing to the following

attorneys of record:

> Michael J. Bowers (mbowers@balch.com)
> Christopher S. Anulewicz (canulewicz@balch.com)
> Matthew B. Ames (mames@balch.com)
> Geremy Gregory (ggregory@balch.com)
> BALCH & BINGHAM LLP
> 30 Ivan Allen Jr. Blvd. N.W., Suite 700
> Atlanta, GA 30308
>
> Shuli L. Green (shuligreen@yahoo.com)
> 215 14th St., N.W.
> Atlanta, GA 30318
>
> Keri D. Ware (kware@wmdlegal.com)
> WILSON, MORTON & DOWNS, LLC
> 125 Clairemont Avenue
> Two Decatur Town Center, Suite 420
> Decatur, GA 30030

> /s/ John W. Harbin
> John W. Harbin